**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **MELISSA PAYNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:21-CV-696** |
| | ) | |
| **HARMON STEEL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Melissa Payne ("Payne" or "Plaintiff"), by counsel, bring this action against Defendant, Harmon Steel, Inc. ("Company") and shows as follows:

## OVERVIEW

Plaintiff bring this action brought under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e, et. seq., as amended. Plaintiff alleges that she was subject to a sexually hostile work environment and discriminated against because of her gender, female. Moreover, Plaintiff contends she was retaliated against for complaining about being subjected to a hostile work environment.

## PARTIES

1. Payne is an individual who resides in Indiana. She was employed by Company and was at all times relevant to this matter an employee as defined by 42 U.S.C. §2000e(f). She was also a member of Local 22.

2. At all relevant times Company was continuously doing business in the state of Indiana and is an employer as defined by 42 U.S.C. §2000e(b).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

4. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing her Complaint within ninety (90) days thereof.

5. As all events pertinent to this lawsuit occurred within the Southern District of Indiana, venue in this Court is proper.

**FACTS**

6. Payne was hired by Company to perform duties as an Apprentice Iron Worker beginning on March 11, 2019.

7. Between March 2019 and December 2019, Payne was assigned to three construction sites: a hospital in Bloomington, Indiana, a parking garage in Muncie, Indiana, and the Criminal Justice Center in Indianapolis.

8. At all times Payne asserts she met or exceeded Defendant's legitimate expectations of performance.

9. When Payne worked in Bloomington, she – and others – was shuttled on and off the site by a bus. During the morning shuttle, a co-worker would regularly and frequently make comments of a sexual nature. His comments involved sexual propositions, commenting about what he wanted to do to her sexually, and would address various parts of her figure.

10. One or more co-workers overhead these comments and told him to stop.

11. From August to September 2019, Payne and her harasser were assigned to different jobs. They were reunited on a job beginning in or about September 2019. The sexual harassment picked back up. Some of these comments were made in front of foreman and/or supervisors.

12. Payne reported the sexual harassment to various foremen. No remedial action was taken.

13. In early October, a foreman of Company assigned Payne to do clean up work. When CP inquired why she was

14. Payne objected to this statement and the assignment. Moreover, the harasser told Payne and his peers that she had complained about him sexually harassing her. Thereafter, other iron workers gave her the silent treatment and stopped helping her with various work tasks.

15. Payne's health began to suffer as a result of the sexual and retaliatory harassment, and she missed time from work.

16. Ultimately, Payne was removed from her assignment after all of - and because of - the complaints she made. The position she was assigned offered less, and irregular, hours. When she discussed this change with her superintendent, he told her that, "she might like to get away from those guys." She was taken off the job.

17. Payne was shortly thereafter separated from Company.

18. Payne was harmed by Defendant's conduct.

**LEGAL CLAIMS**

**COUNT I: TITLE VII SEXUALLY and RETALIATORY HOSTILE WORK ENVIRONMENT**

19. Payne hereby incorporates by reference paragraphs one (1) through nineteen (18) of this Complaint.

20. Payne was harassed by Company because of her gender, female. This harassment was sufficiently severe and/or pervasive to constitute an unlawfully hostile work environment. Moreover, Plaintiff was subjected to a retaliatory-hostile work environment after she brought multiple complaints of sexual harassment, protected activity under Title VII.

21. Company was aware of the sexual harassment and/or misconduct but failed to take effective remedial action to address it.

22. Company acted with intent, malice, and/or reckless disregard as to rights afforded to Plaintiff under Title VII.

23. Payne has suffered injury as a result of Defendant's unlawful conduct.

**COUNT II: TITLE VII RETALIATION**

24. Payne hereby incorporate by reference paragraphs one (1) through twenty-three (23) of this Complaint.

25. Payne was subjected to different terms and conditions of her employment because she complained of sexual harassment.

26. Company and acted with intent, malice, and/or reckless disregard as to rights afforded to Payne under Title VII.

27. Payne has suffered injury as a result of Company's unlawful conduct.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff, Melissa Payne, respectfully requests the following:

a) An Order finding Defendant liable for back wages in an amount to make Plaintiff whole;

b) An Order finding Defendant liable for compensatory damages in an amount to make Plaintiff whole;

c) An Order awarding Plaintiff punitive damages as a penalty for Defendant's intentional, unlawful conduct;

d) An Order awarding Plaintiff the costs of this action;

e) An Order awarding Plaintiff her attorneys' fees;

f) An Order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm, LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone: (317) 500-0700
Facsimile: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm, LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone: (317) 500-0700
Facsimile: (317) 732-1196

E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff